IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EARNEST R. JACK**                                                    **PLAINTIFF**

**V.**                         **CAUSE NO. 1:12CV270-LG-JMR**

**MICHAEL J. ASTRUE**                                       **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the Court on the [16] Report and Recommendation entered by Chief United States Magistrate Judge John M. Roper. Magistrate Judge Roper reviewed Plaintiff Earnest Jack's [13] Brief seeking judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny his claim for Disability Insurance Benefits and Supplemental Security Income. Jack asks this Court to remand this case to the Commissioner for further evaluation of his "psychological issues." (Pl.'s Brief 5, ECF No. 13). Magistrate Judge Roper recommends that Jack's appeal be dismissed, and that Final Judgment be entered in favor of the Commissioner. Jack has filed Objections to the Report and Recommendation, and the Commissioner has responded to those Objections. The Court has reviewed the parties' submissions, the administrative record, and the applicable law, and finds that the Report and Recommendation should be adopted as the opinion of this Court.

### BACKGROUND

Jack alleges he has been disabled, as defined by the Social Security Act, since he was involved in a motor vehicle accident in March 2010. He claims his inability

to work is due to back problems, as well as pain and complications from a chest tube. Jack filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income, in May 2010. (A.R. 8, ECF No. 10). His claims were denied initially and on reconsideration. (*Id.*) After a hearing, an Administrative Law Judge (ALJ) issued a decision denying Jack's applications. (*Id.* at 4-15). The Appeals Council of the Social Security Administration subsequently denied Jack's request for review. (*Id.* at 1). Having exhausted his administrative remedies, Jack filed a complaint in this Court, appealing the Commissioner's decision to deny his claims for benefits. (ECF No. 1).

## DISCUSSION

The sole issue Jack raises in his appeal is whether the ALJ committed reversible error when she failed to find Jack's "psychological impairments" to be a severe impairment. (Pl.'s Brief 1, ECF No. 13). This Court's review is limited to whether: (1) the final decision is supported by substantial evidence and (2) whether proper legal standards were used to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (citation omitted). If the Commissioner's findings are supported by substantial evidence, they must be affirmed. *Id.* (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990) and 42 U.S.C. § 905(g)). This Court does not "reweigh the evidence in the record, nor try the issues de novo, nor substitute [its] judgment for that of the [Commissioner]." *Id.* (citing *Johnson v. Bowen*, 864

F.2d 340, 343 (5th Cir. 1988)).

As the Magistrate Judge noted in the Report and Recommendation, Jack did not allege functional limitation or disability due to a mental or psychological impairment in his applications for disability benefits, despite what he now claims before this Court. (*See* A.R. at 148-49, 160, 163-64, 178-81, 184-86, 193-194). Jack's application for disability benefits stated that he was unable to work due to "back problems" and "complications from a previous chest tube." (A.R. 160). At the hearing before the ALJ, neither Jack, nor his attorney, raised any issue about Jack's depression or psychological condition; instead, Jack's testimony focused on the pain he suffered in his back and abdomen. (*See* A.R. 49-66). Nevertheless, the ALJ considered all of Jack's medical records, including those related to his mental health and his diagnosis of depression. (A.R. 10-11).

In her written opinion, the ALJ concluded that Jack's depression was not a "severe" impairment under 20 C.F.R. § 404.1520(c) and § 416.0920(c); however, she did determine that Jack had "borderline intellectual functioning." (A.R. 10). The ALJ proceeded to complete the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a) and § 416.920(a), which includes a consideration of residual functional capacity and the ability to perform work-related activities. (A.R. 10-15).

In his pleadings before this Court, Jack does not make a specific argument that the ALJ failed to apply the proper legal standard, but he does make a reference to *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). As the Magistrate Judge found, however, *Stone* is inapplicable because the ALJ did not "prematurely" deny Jack's

benefits, but continued to evaluate his claim under the remainder of the five-step analysis. *See Jones v. Bowen*, 829 F.2d 524, 527 n.1 (5th Cir. 1987) (finding no error where ALJ proceeded through sequential evaluation after making determination that hypertension was of mild severity); *see also Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987) (no grounds for remand where the ALJ found that claimant's condition was not severe, but went on to find in fourth step of sequential analysis that impairment did not disable claimant from performing work). Accordingly, the Court finds that the ALJ applied the proper legal standard when she evaluated the evidence before her, and her finding is not a basis for remand.

It is well-established law that Jack, as the claimant, has the burden to prove his disability by establishing an impairment. *See Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985); 42 U.S.C. § 423(d)(5)(A). The Court agrees with the Magistrate Judge's finding that the evidence in the record does not show that Jack's mental condition caused any work-related limitations. As set forth in the Report and Recommendation, Jack's medical records show that he responded to medication; moreover, he failed to show that he had a mental impairment that had lasted, or would last, for a continuous period of twelve (12) months. *See* 20 C.F.R. § 404.1509; § 416.906. Notably, Jack's pleadings in this Court fail to point to any evidence in the record that would show he was precluded from engaging in substantial gainful activity because of his mental condition.

Jack's objection to the Report and Recommendation entirely consists of a reference to "medical records from Singing River Mental Health that show Plaintiff

was assigned a Global Assessment of Functioning (GAF) score of 50 upon his psychological evaluation." (Objec., ECF No. 17). Jack submits that "such a score indicates that there were limitations associated with [his] mental status." (*Id.*) He states that "these medical records and findings show that the mental health professionals who examined [Jack] recognized that he had limitations secondary to his mental health diagnoses and symptoms." (*Id.* at 1-2). Jack references the definition of a GAF score of 50 in the DSM-IV, but he does not point to any legal authority for his argument that his GAF score is evidence of a "limitation," or a "severe impairment" under the applicable regulations. Jack cites no case law or statutory authority in support of his objection.

Given the absence of any evidence that Jack is precluded from engaging in substantial gainful activity due his mental condition, the Court is not persuaded that the ALJ erred because she did not find a severe impairment on the basis of a GAF score. *See Wind v. Barnhart,* 133 F. App'x 684, 692 (11th Cir. 2005) (unpublished) (citing 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000) ("the Commissioner has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs,' and has indicated that GAF scores have no 'direct correlation to the severity requirements of the mental disorders listings.'")).

In conclusion, the record in this case demonstrates that the ALJ based her decision on a review of Jack's medical records as a whole, taking into consideration those records related to his mental health. The ALJ applied the proper legal standards, and her decision is supported by substantial evidence. Accordingly, this

Court will adopt the Report and Recommendation entered by the Magistrate Judge, and enter a Judgment in favor of the Commissioner of the Social Security Administration.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [16] Report and Recommendation of Chief United States Magistrate Judge John M. Roper entered December 13, 2013, is **ADOPTED** as the opinion of this Court. Plaintiff Earnest Jack's appeal is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 21st day of March, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE